UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC CAZAUBON                                           CIVIL ACTION

VERSUS                                                  NO: 14-2241

MR PRECIOUS METALS, LLC, ET AL.                         SECTION: R (1)

**ORDER AND REASONS**

Defendant Walter Reed moves the Court to partially stay this action as it relates to Reed for a period of ninety days and to enter a protective order under Federal Rule of Civil Procedure 26(c)(1) delaying discovery requests directed to Reed until resolution of federal criminal proceedings against him.[1] For the following reasons, the Court grants the motion.

**I.   BACKGROUND**

   **A.   Plaintiff's Allegations**

Plaintiff Eric Cazaubon filed this civil RICO[2] complaint on September 9, 2014. The facts giving rise to this dispute, as alleged in Cazaubon's complaint, are as follows.[3]

As background, Cazaubon explains that at the time of defendants' conduct, Cazaubon was serving a criminal probation term

---

[1]   R. Doc. 23.

[2]   "RICO" refers to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*.

[3]   *See* R. Doc. 1.

of five years.[4] While on probation in the summer of 2010, Cazaubon established a gold-buying business in Slidell, Louisiana, which is part of St. Tammany Parish.[5] Defendant Walter Reed, former St. Tammany Parish District Attorney, also owned a gold-buying business, defendant MR Precious Metals, LLC. Reed and his partner, defendant Yancie Mosely, III, allegedly intimidated small gold-buying business owners like Cazaubon into doing business with MR Precious Metals by asserting Reed's official status as District Attorney.[6] Cazaubon also alleges that at some point, one of Reed's employees notified Reed that he believed MR Precious Metals was illegally purchasing stolen gold and failing to comply with applicable gold identification and reporting laws.[7]

After a month of working with MR Precious Metals, Cazaubon's relationship with Reed, Mosely, and their company soured, and Cazaubon stopped doing business with them.[8] Mosely warned Cazaubon that he was "making a big mistake" by terminating their business relationship.[9] Within days, Cazaubon was assigned a new criminal probation officer.[10] Shortly thereafter, Cazaubon's new probation

---

[4]   *Id.* at 3.

[5]   *Id.* at 4.

[6]   *Id.* at 5, 7-8.

[7]   *Id.* at 8.

[8]   *Id.* at 9.

[9]   *Id.*

[10]  *Id.*

officer searched Cazaubon's home, but found no contraband.[11] One week later, St. Tammany police searched Cazaubon's business premises, finding a stun gun.[12] The same day, police searched Cazaubon's home and found marijuana. Cazaubon believes his probation officer planted the marijuana in his home at Reed's direction.[13]

Finding Cazaubon violated the terms of his parole, a local state court revoked Cazaubon's term of probation. Cazaubon was also charged with violating La. R.S. § 37:1910, which regulates the second-hand gold market, for allegedly purchasing stolen gold from a confidential informant.[14] Cazaubon believes this was also a set-up orchestrated at Reed's direction. Cazaubon spent three years in prison and ultimately lost his business.[15] Cazaubon asserts that these allegations demonstrate that Reed engaged in racketeering activities to exercise improper control over the used gold market in south Louisiana, causing Cazaubon to suffer serious financial injury.

---

[11]   *Id.* at 10.

[12]   *Id.*

[13]   *Id.*

[14]   *Id.*

[15]   *Id.*

**B. Reed's Indictment**

Reed is currently under indictment in a criminal case pending in this district.[16] The indictment charges Reed with one count of conspiracy, six counts of wire fraud, two counts of money laundering, four counts of tax fraud, and five counts of mail fraud.[17] All charges appear to relate to Reed's campaign for St. Tammany Parish District Attorney. The indictment charges that Reed unlawfully used campaign funds for personal use. For example, Reed allegedly caused payments to be made to his son's businesses and used campaign money to purchase lavish gifts, dinners, and other items unrelated to Reed's political campaign. The tax fraud counts, which incorporate by reference the indictment's other allegations, charge Reed with underreporting his taxable income from 2009-2012.

Reed now moves the Court to stay this civil proceeding for a period of ninety days and to issue a protective order under Federal Rule of Civil Procedure 26(c)(1), preventing Cazaubon from taking Reed's deposition or otherwise issuing discovery requests to Reed.[18] Cazaubon does not oppose the motion.

---

[16]  *United States v. Walter P. Reed, et al.*, No. 2:15-cr-00100 (E.D. La. April 23, 2015).

[17]  *See* R. Doc. 23-3.

[18]  R. Doc. 23.

## II. LEGAL STANDARD

### A. Stay

When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action. *United States v. Kordel*, 397 U.S. 1, 12 (1970). As the Fifth Circuit instructs, in ruling on requests for stays of the civil side of parallel criminal proceedings, a court should utilize "judicial discretion and procedural flexibility . . . to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). In determining whether to stay the civil proceeding, courts consider (1) the extent of overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases in the Fifth Circuit that apply this test).

### B. Protective Order

In accordance with Federal Rule of Civil Procedure 26(c)(1), a district court may, on a party's showing of good cause, "issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  Among other things, the court's protective order may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters[.]"  Fed. R. Civ. P. 26(c)(1)(D).  The party seeking the protective order bears the burden to show "the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]"  *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal citation omitted).  The Court has broad discretion in determining whether to grant a motion for a protective order because "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

**III. DISCUSSION**

    **A.   Partial Ninety-Day Stay**

Reed moves the Court to stay this action as it relates to Reed for ninety days to allow him to ascertain the extent to which the issues in this case and the pending criminal case may overlap, as well as the extent to which he and his counsel will be "consumed with defense of the ongoing criminal prosecution."[19]  After considering the relevant factors, the Court finds that a partial stay is warranted in this case.

---

[19]   R. Doc. 23-1 at 4.

*1. Overlap between the Civil Case and Criminal Case*

The most important factor in determining whether to grant a stay is the similarity of issues in the civil and criminal actions. *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008) (internal citation omitted). "If there is no overlap, there [is] no danger of self-incrimination and accordingly no need for a stay." *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002). In determining whether issues are related, courts impose a "common-sense, fact-bound analysis." *In re Ramu Corp.*, 903 F. 3d 312, 319 (5th Cir. 1990).

Here, the issues underlying the criminal action and this civil action appear to overlap in only a limited sense. The criminal indictment charges Reed with illegal activity relating to the misuse of his campaign funds. To the extent Cazaubon's civil suit requires discovery of information related to Reed's finances, especially financial information regarding MR Precious Metals, the two cases may overlap. Indeed, in support of his motion to stay, Reed explains that the Government has not yet itemized every source of underreported income related to Reed's tax fraud charges.[20] Additionally, Reed asks for a limited stay to allow him sufficient time to determine whether any issues overlap. Therefore, the Court finds this factor supports the proposed stay.

---

[20] *Id.* at 6.

### 2. Status of the Criminal Proceeding

Reed has been indicted in the criminal matter. Because a criminal indictment has been issued, there is greater risk of self-incrimination, and the Court should "strongly consider staying the civil proceeding until the related criminal proceedings are resolved." *Whitney Nat'l Bank v. Air Ambulance ex rel. B. & C Mgmt.*, No. 04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 19, 2007) (internal citations omitted); *see also Librado*, 2002 WL 31495988, at *2. Though the indictment does not exactly parallel the allegations in Cazaubon's complaint, the Court finds that this factor weighs in favor of a stay as more information regarding Reed's criminal activity may develop as the criminal case proceeds.

### 3. Plaintiff's Interest

Courts usually require a plaintiff opposing a stay to demonstrate that undue burden would result. *See Whitney Nat'l Bank*, 2007 WL 1468417, at *3 (internal citation omitted). Cazaubon does not oppose Reed's motion, and therefore has not asserted any undue burden that might result from a stay. Accordingly, this factor does not weigh against a stay.

### 4. Defendant's Burden

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Id.* (internal citation omitted). A defendant facing simultaneous civil and criminal proceedings may be burdened by the choice between "invoking his Fifth Amendment rights [and]

8

jeopardiz[ing] his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence[,]" *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065, at *4 (N.D. Tex. Mar. 17, 2008), and making incriminating statements that could be used in his ongoing criminal prosecution, *Agueros v. Vargas*, No. SA-07-CV-0904 XR, 2008 WL 2937972, at *2 (W.D. Tex. July 21, 2008).  As the Court has noted, the underlying conduct in the criminal action and the civil action may involve overlapping issues of Reed's financial activity relating to MR Precious Metals. Absent a stay, Reed would be forced to choose between his civil discovery obligations and his right against self incrimination. Therefore, this factor weighs in favor of a stay.

     *5.    Interests of the Court and the Public*

The Court has interests in judicial economy and expediency. *Alcala*, 625 F. Supp. 2d at 407.  The Court is "obligat[ed] to move its docket, and not let cases languish before it." *Id.* (quoting *In re Scrap Metal Antitrust Litig*. No. 1:02-CV-0844, 2002 WL 31988168, at *7 (N.D. Ohio Nov. 7, 2002)).  The public also has an interest in resolving disputes "with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Id.* (internal citations omitted).  The Court finds that granting a stay would not unduly interfere with the Court's ability to manage its docket or the public's interest in quickly resolving legal disputes.  Cazaubon filed this civil suit on July 17, 2015, making it a relatively new case.  Further, Reed asks only for a stay of

limited duration. *See id.* (denying a stay of indefinite duration). Granting a stay of ninety days would not allow this case to "languish before" the Court. Thus, neither the Court's interests nor the public's interest weigh against a stay.

Therefore, the Court grants Reed's motion for a ninety-day partial stay of this civil action as it relates to Reed.

**B.   Protective Order**

Reed moves the Court to enter a protective order until February 1, 2016, following completion of his criminal trial currently set for January 11, 2016. Reed seeks to prevent Cazaubon from taking Reed's deposition or otherwise issuing discovery requests to him. Reed relies on his arguments regarding the ninety-day stay to demonstrate good cause for a protective order.[21] Cazaubon does not oppose Reed's motion for a protective order.

The Court finds that good cause exists to issue a protective order. As previously discussed, the underlying conduct in the criminal action and the civil action may involve overlapping issues of Reed's financial activity relating to MR Precious Metals. If the parties were allowed to proceed with discovery, Reed could be forced to choose between invoking his Fifth Amendment rights and jeopardizing his defense in the civil suit, and making incriminating statements that could be used in his ongoing criminal prosecution. *See AmeriFirst Funding*, 2008 WL 866065, at *4; *Agueros*, 2008 WL 2937972, at *2. In addition, Cazaubon's ability

---

[21]   *Id.* at 10-11.

to pursue discovery would distract Reed and his counsel from preparing for Reed's upcoming criminal trial. Given the breadth of criminal charges Reed faces, the potential for broad discovery in connection with Cauzubon's civil RICO complaint, and the potential prejudice to Reed from the interaction of the two, the Court concludes good cause exists to protect Reed from discovery until his criminal trial is concluded. *See* Fed. R. Civ. P. 26(c)(1). Therefore, the Court grants Reed's motion for a protective order under Rule 26(c)(1).

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant Walter Reed's Motion to Partially Stay and for Entry of a Protective Order.  IT IS ORDERED that this civil action is hereby partially stayed as to Reed for a period of ninety (90) days.  IT IS FURTHER ORDERED that no party shall conduct discovery directed to Reed until February 1, 2016.

New Orleans, Louisiana, this __17th__ day of August, 2015.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE